UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Roylee Hartfield,

          Plaintiff,

vs.                      REPORT AND RECOMMENDATION

Commissioner of Corrections
Joan Fabian et al., and
Minnesota Attorney General
Lori Swanson,

          Defendants.        Civ. No. 07-1171 (JNE/RLE)

* * * * * * * * * * * * * * * * * *

      This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Application to Proceed in forma pauperis ("IFP"). The Plaintiff appears pro se and, in view of the fact that his Complaint has yet to be served, no appearance has been made on behalf of the Defendants.

      The Plaintiff commenced this action by filing a Complaint, which seeks relief for various alleged violations of his Federal constitutional rights. See, Docket No. 1. He also filed the current Application to proceed IFP.

By Order dated February 23, 2007, we directed the Plaintiff to submit an initial partial filing fee of $95.00, in order to initiate the action, in accordance with Title 28 U.S.C. §1915(b)(1). Our Order afforded the Plaintiff until March 22, 2007, by which to submit to the Clerk of Court the partial filing fee, as well as one copy of his Complaint, and completed United States Marshal Service forms for each of the named Defendants. The Order expressly advised the Plaintiff that his case would be subject to dismissal unless he satisfied those requirements within the time allowed.

The deadline for satisfying the requirement of this Court's prior Order has since expired, and the Plaintiff has failed to comply. Therefore, based on the Plaintiff's failure to comply with our Order of February 23, 2007, and well as his failure to prosecute this action, we recommend that his Complaint be dismissed, but without prejudice. See Rule 41(b), Federal Rules of Civil Procedure (declaring that actions may be dismissed for failure to comply with Court Orders); see also, Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)(recognizing that a Federal Court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases"); In re Smith, 114 F.3d 1247, 1251 (D.C. Cir. 1997)(advising that the failure to submit financial information required by §1915(a)(2),

or an initial partial filing fee required by § 1915(b)(1), "may result in dismissal of a prisoner's action").

NOW, THEREFORE, It is --

RECOMMENDED:

1.      That the Plaintiff's Complaint [Docket No. 1] be dismissed, but without prejudice, for failure to comply with this Court's Order dated February 23, 2007, and for failure to prosecute.

2.      That the Plaintiff's Application to proceed in forma pauperis [Docket No. 2] be denied, as moot.

BY THE COURT:

Dated: April 23, 2007

*s/Raymond L. Erickson*
Raymond L. Erickson
CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than May**

**11, 2007,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than May 11, 2007,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.